CANAVAN BROS. CO. v. HEDDEN CONST. CO.

(Supreme Court, Special Term, New York County.   May, 1911.)

PLEADING (§ 239*)—AMENDMENTS—CONDITIONS ON GRANTING LEAVE.

Where a plaintiff was permitted to withdraw a juror to amend his complaint on the payment of the taxable costs and disbursements to date, and was given leave to withdraw a juror on a subsequent trial on the payment of a trial fee and taxable disbursements for the trial, with leave to amend at Special Term on such terms as the court might direct, the court, on granting leave to amend the complaint a second time, should require plaintiff to pay taxable costs to date, excluding the items directed to be paid when the second leave to withdraw a juror was granted, on condition that the terms then imposed had been complied with.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Action by the Canavan Bros. Company against the Hedden Construction Company.   On motion for leave to serve a second amended complaint.   Granted on terms.

Kellogg & Rose, for the motion.

J. Thayer Martin (Howard Mansfield and Allen B. A. Bradley, of counsel), opposed.

GIEGERICH, J.   The plaintiff was permitted, after the withdrawal of a juror, to amend its complaint, upon payment of the taxable costs and disbursements to date.   These amounted to $105.24, and have been paid.   When the cause was again reached for trial, the plaintiff, after considerable argument between counsel and the court as to the theory of the complaint and the admission of evidence under it, was given leave to withdraw a juror, "upon the payment of a trial fee and taxable disbursements for this trial, and then, with leave, to amend at Special Term upon such terms as the court may direct."   The plaintiff now applies for leave to serve a second amended complaint.   Counsel for the defendant insists that the motion should only be granted upon payment of the costs directed to be paid by the Trial Term, as well as the taxable costs and disbursements to date, amounting to $65.24, and $10 costs of this motion.   The plaintiff, on the other hand, contends that such amendment should be granted upon payment of the motion costs only.

I think a middle course is the equitable one.   If full taxable costs were awarded, that would include the trial fee, the payment of which was directed by the trial judge when the last leave was given to withdraw a juror.   On the other hand, if only motion costs were allowed, the defendant would receive no compensation for the trouble and services for which taxable costs are allowed before notice of trial and after notice of trial and for term fees.   I think the fairest disposition of the matter would be to grant the motion upon condition that the plaintiff pay taxable costs to date, excluding from such taxable costs, however, the items directed to be paid when the last leave was given to withdraw a juror, but on condition that those terms are paid under that provision.   This disposition will result in the plaintiff paying one

full bill of taxable costs to date,- and no more, for the privilege both of withdrawing a juror and for amending its complaint a second time. I cannot accede to the plaintiff's claim that this privilege should be granted merely upon paying motion costs. The plaintiff, by again changing its complaint, thereby necessitating a new answer and the creation of new issues, again makes practically a new action. It is manifest that, if this could be done once on the strength of the bill of costs heretofore paid, it could be done an indefinite number of times, and the defendant would receive no compensation for the additional labor and expense entailed through no fault of his, but solely by the fault of the plaintiff. The defendant should also have $10 costs of this motion.

Motion granted, upon the terms above stated.